Hat, Judge,
delivered the opinion of the court:
This is a suit against the United States in which the plaintiff claims the sum of $87,967.12 by reason of the performance by it of two contracts had by it with the United States. This sum is made up of two items, one of $25,111.12 and the other of $62,856.
The first item of $25,111.12 is claimed under the contract of December 5, 1922, which provided for the dredging of certain slips, and the area of Pier 5 at the site of the United States Shipping Board Terminal, Hoboken, N. J. It is not denied that the dredging was done under the terms of the contract, nor is there any question as to the quantity of material dredged and removed by the plaintiff. The plaintiff is only claiming to be paid the contract price for the work performed by it, and is clearly entitled to it.
The item of $62,856 is claimed by the plaintiff under the provisions of the contract of May 11, 1923. The United States, however, contends that the plaintiff did no more under the contract of May 11, 1923, than it was already obliged to do under the contract of December 5, 1922, and that therefore there is no consideration for the contract of May 11, 1923.
It appears from the facts found that the plaintiff agreed to dredge certain slips between certain piers and the area of Pier 5. It also appears that before the dredging of Pier 5 could be done it was necessary that the structure *418 of that pier should be removed, and that the piles which were a part of the structure of said pier should be pulled and removed. A contract was entered into between the United States and the Robbins-Ripley Co. whereby that company agreed to remove the structure of Pier 5, and to pull the piles which constituted a part of the structure of Pier 5. Until that work was completed it was manifestly impossible for the plaintiff to dredge the area of said pier.
The Government contends that the contract of December 5, 1922, obliged the plaintiff in its performance to remove piles from said area, and relies upon the following specification to sustain that contention:
“ The dredging under contract B [which is the contract of December 5, 1922], which embraces the removal of all material other than solid rock and includes all mud, sand, shells, clay, gravel, ashes, loose stone, bricks, old logs, piles driven or not driven, cribwork, solid filling, old wrecks, boulders, riprap, etc., between Piers Nos. 4 and 6, United States Shipping Board Terminal, Hoboken, N. J.”
But this provision of the contract does not refer to the dredging and removal of piles which constitute a part of the structure of Pier 5. That work was to be done by another contractor under another contract.
When the plaintiff proceeded to dredge the area of Pier 5 it found that the Robbins-Ripley Co. had not pulled and removed the piles which were a part of the structure of said pier. The plaintiff thereupon notified the Shipping Board that it was being greatly delayed by reason of the condition of that area, that there were a great many piles in said area which had not been pulled and removed, and finally removed its dredges and stopped work on that site.
The defendant at first insisted that the plaintiff was bound under its contract to do this work, and threatened to proceed under paragraph K of the contract, which provided that the United States could proceed with the work and hold the plaintiff liable for all damages. This notice was given the plaintiff on May 10, 1928. But on the afternoon of that day the representatives of the Shipping Board entered into negotiations with the plaintiff, having in view the pulling and removal of the piles in the area of Pier 5 by the plaintiff. *419 No agreement was reached on that day, but on May 11, 1923, the parties agreed upon the price of $6 per pile, and then entered into the contract of May 11, 1923, whereby it was agreed that the plaintiff should be paid the price of $6 each for all piles exceeding 6 feet in length. By entering into this contract the defendant abandoned its position that the plaintiff was obliged to pull and remove these piles under the provisions of the contract of December 5, 1922; and by not undertaking to proceed under paragraph K of the contract admitted that it was no part of the plaintiff’s obligation to do this work. The United States derived a distinct benefit from the execution of the contract of May 11, 1923; the plaintiff performed the work required of it by said contract; there is no dispute as to the number of piles pulled and removed by the plaintiff, and it is entitled to be paid for the work it performed.
The United States paid for the pulling of 1,426 piles after May 4, 1923, without protest, but claims that it should not have done so, and asks that the amount so paid, $8,556, be set off against any amount which may be found due to the plaintiff. It bases this claim upon the same reasoning which it claims as to all piles pulled under the contract of May 11, 1923, and its counterclaim can not be allowed.
It is further contended by the Government in its’ printed brief that the contract of May 11, 1923, is not enforceable for the reason that the consent of the United States to the same was obtained under duress. This contention was abandoned by counsel for the United States in the oral argument. Indeed, we could not suppose that the United States could have been forced into executing this contract by the plaintiff, and no evidence was introduced to sustain the contention. We conclude that the plaintiff is entitled to be paid for pulling and removing 10,416 piles, for which it has not been paid.
Judgment will be entered against the United States for $87,967.12.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.